IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS


**MICKEY DEANGELO MASON,**
**#R04326,**

**Plaintiff,**

v.                                              Case No: 3:17-cv-00867-DRH

**WILLIAM A. SPILLER, ROBIN ROWOLD,**
**INTERNAL AFFAIRS, KELLY PIERCE,**
**MRS. WOODS, KIMBERLY BUTLER,**
**LT. SMOLEK, ORANGE CRUSH,**
**and UNKNOWN PARTY,**

**Defendants.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

This matter is now before the Court for preliminary review of the Amended Complaint filed by Plaintiff Mickey Mason. (Doc. 6). Plaintiff is currently incarcerated at Menard Correctional Center ("Menard"). He brings this civil rights action pursuant to 42 U.S.C. § 1983 in order to address numerous deprivations of his constitutional rights at Menard. *Id*.

Plaintiff filed his original Complaint on August 15, 2017. (Doc. 1). Before the Court screened the Complaint pursuant to 28 U.S.C. § 1915A, Plaintiff filed an Amended Complaint on August 25, 2017. At this early stage in proceedings, a party may amend a complaint freely as a matter of course. *See* FED. R. CIV. P. 15(a)(1). An amended complaint supersedes and replaces the original, rendering

the original void.  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004).

Plaintiff is granted leave to amend.  The original Complaint (Doc. 1) is **VOID**, and it is now **SUPERSEDED** and **REPLACED** by the Amended Complaint (Doc. 6).  The Amended Complaint is subject to preliminary review pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless.  *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility."  *Id*. at 557.  At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

As part of the screening process, the Court will consider whether any parties or claims are improperly joined in this action. *See* FED. R. CIV. P. 21; *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

## Amended Complaint

Soon after Plaintiff transferred into Menard's East Cell House on February 3, 2016, he allegedly notified several prison officials that "they are now liable" for any future litigation that results from his or any other inmate's placement in the odd-numbered galleries. (Doc. 6, p. 5). These officials included Warden Butler, Lieutenant Smolek, and Counselor Wood. *Id*. Plaintiff put them on notice because he was aware that the "Statewide Tactical Unit/Orange Crush always abuse[s], harass[es], and knowingly performs acts" that are forbidden. *Id*.

On April 1, 2016, Orange Crush Officers allegedly forced Plaintiff "on another mans (sic) butt with his private area." (Doc. 6, p. 5). When Plaintiff attempted to distance himself from the inmate, he was ordered to "keep the line tight." *Id*. An Orange Crush Officer then "physically assaulted" him. (Doc. 6, p. 6). Plaintiff does not describe the assault. *Id*. However, he says that his hands were cuffed behind his back at the time, and he posed no threat to anyone. *Id*. He also describes injuries that he received during the assault. *Id*.

As Plaintiff made his way up the stairs, William Spiller met him dressed in orange crush clothing and tactical gear. (Doc. 6, p. 6). Spiller choked Plaintiff "until he turned red." *Id*. He then shoved Plaintiff's head down forcefully. *Id*. Multiple bruises were already visible at the time. *Id*.

Plaintiff immediately requested medical treatment for head lacerations, a sore neck, and a sore Adam's apple. (Doc. 6, p. 6). He continued to do so for the next three days. *Id*. He was eventually called to the health care unit ("HCU") on April 5, 2016. *Id*. Officer Ward[1] interviewed him. *Id*. Plaintiff provided a statement and again requested medical treatment, but Officer Ward ignored his request. *Id*.

Following the interview on April 5, 2016, Nurse Amy Lang[2] asked Plaintiff if he wanted to complete a "rape kit." (Doc. 6, p. 7). She asked Plaintiff this question in the presence of other inmates and staff, who laughed at the question. *Id*. When Plaintiff declined the offer, Nurse Lang refused to treat his injuries. *Id*. As a result, Plaintiff continued to suffer from pain in his head and neck for another a week. *Id*.

Plaintiff wrote several grievances to complain about the incident involving Spiller. (Doc. 6, p. 7). He directed approximately five grievances to Counselor Wood, Counselor Rowold, Kelly Pierce, and Warden Butler, among others, but received no response. (Doc. 6, pp. 7-9). Plaintiff eventually sent a grievance directly to the Administrative Review Board ("ARB") on July 17, 2016. *Id*. He also sent two grievances to the Illinois State Police. *Id*. Still, he received no response. *Id*.

---

[1] This individual is not named as a defendant in the case caption or list of defendants, so all claims against Officer Ward are considered dismissed without prejudice from this action. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption").

[2] This individual is also not named as a defendant, so all claims against Nurse Lang are considered dismissed without prejudice as well. *See id*.

In mid-May, Plaintiff began to realize that Menard's Mailroom Staff and Internal Affairs were interfering with his grievances and mail. (Doc. 6, pp. 8, 10). He noticed long delays when sending and receiving mail. *Id*. When he did receive his mail, he noticed that it was "tampered with" and already opened. *Id*. This includes incoming and outgoing privileged legal mail dated May 13, July 4, September 22, September 23, September 30, October 6, November 8, November 9, November 28, November 30, and December 1, 2016. (Doc. 6, pp. 8-9). Mailroom staff also opened and read a letter he received from the Supreme Court on June 19, 2017, and a certified letter he received from the Innocence Project on June 23, 2017. (Doc. 6, p. 11). On one occasion, he received a piece of certified legal mail that included his forged signature and was already opened. (Doc. 6, p. 8). He also began receiving money voucher receipts from Mailroom Staff with drawings of a middle finger on the back, including receipts dated August 1, September 13, September 19, and September 20, 2016. (Doc. 6, p. 10).

On August 3, 2017, several Orange Crush Officers entered his cell and removed personal property that included legal materials, legal documents, trial transcripts, discovery materials, and other personal property. (Doc. 1, pp. 12-13). Plaintiff asked Sandie Walker[3] for permission to speak with a lieutenant, but permission was denied. *Id*. He wrote an emergency grievance to the warden, but received no response. *Id*. He claims that the confiscation of his legal materials prevented him from "moving along" with an appeal. *Id*.

---

[3] This individual is not named as a defendant, and all claims against Walker are considered dismissed without prejudice. *Id*.

He claims that the Orange Crush Officers, Internal Affairs, Mailroom Staff, Spiller, Pierce, Wood, Smolek, and Butler conspired to retaliate against Plaintiff by exercising his Fourteenth Amendment rights. (Doc. 6, pp. 11-12).

On August 10, 2017, Plaintiff was moved to the North-2 Cell House and placed in a one-person cell with a cellmate. (Doc. 6, p. 12). The cell was too small for two inmates. (Doc. 6, p. 13). Plaintiff had to keep his television on the bed and sleep next to it. *Id*. There was no room to store his boxes or stretch and he began experiencing pain due to a lack of exercise. *Id*. According to Plaintiff, this cell transfer not only violated a judge's order "to clear the cells" but constituted retaliation against Plaintiff. (Doc. 6, p. 12).

Plaintiff also claims that he has been denied medical and mental health treatment at Menard since April 1, 2016. (Doc. 6, p. 10). He offers no other allegations in support of this claim and names no defendants in connection with it. *Id*.

Plaintiff seeks monetary damages. (Doc. 6, p. 14). He also seeks injunctive relief, including action taken to train officers on the use of force, hold them accountable, and suspend them without pay for misconduct. *Id*.

## **Discussion**

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to re-characterize the claims in the Amended Complaint as follows:

**Count 1** - Claim against Defendants Wood, Smolek, and Butler, based on Plaintiff's warning that the defendants would be liable for anything that occurred in the odd-numbered galleries of Menard's East Cell House on February 3, 2016.

**Count 2** - Eighth Amendment deliberate indifference claim against the Orange Crush Officers and Spiller for using excessive force against Plaintiff on April 1, 2016.

**Count 3** - Fourteenth Amendment due process claim against Defendants Wood, Pierce, Rowold, and Butler for failing to respond to Plaintiff's grievances in 2016-17.

**Count 4** - First and/or Fourteenth Amendment denial of access to courts claim against the Mailroom Staff and Internal Affairs for regularly interfering with Plaintiff's personal and legal mail in 2016-17.

**Count 5** - First and/or Fourteenth Amendment denial of access to courts claim against the Orange Crush Officers who searched Plaintiff's cell and confiscated his personal property, including his legal mail, documents, and materials, on August 3, 2017.

**Count 6** - Eighth Amendment deliberate indifference claim against unnamed defendants who transferred Plaintiff into a one-man cell with a cellmate on August 10, 2017.

**Count 7** - Eighth Amendment deliberate indifference to medical needs claim against unnamed defendants who have denied Plaintiff access to medical treatment since April 1, 2016.

**Count 8** - Claim against Defendants for conspiring to retaliate against Plaintiff for exercising his constitutional rights.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. **Any**

**other claims that are mentioned in the Amended Complaint or exhibits but omitted from the above list are considered dismissed without prejudice from this action.**

### Dismissal of Counts 1, 3, 6, 7, and 8

To state a claim under § 1983, a plaintiff must establish that he had a constitutionally protected right, he was deprived of that right in violation of the Constitution, and the deprivation was caused by a defendant who acted under color of state law. 42 U.S.C. § 1983. *McNabola v. Chicago Transit Auth.*, 10 F.3d 501, 513 (7th Cir. 1993); *Patrick v. Jasper Cnty.*, 901 F.2d 561, 565 (7th Cir. 1990). A government official may not be held liable under § 1983 on a theory of *respondeat superior*, based on the unconstitutional conduct of a subordinate. *Ashcroft v. Iqbal*, 556 US. 662, 676 (2009). Liability instead requires personal involvement in or personal responsibility for the deprivation of a constitutional right. *Knight v. Wiseman*, 590 F.3d 458, 462-63 (7th Cir. 2009) (citation omitted); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). To be personally responsible, an official "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye" to it. *Gentry*, 65 F.3d at 561. Counts 1, 3, 6, 7, and 8 do not survive preliminary review under this standard.

Counts 1 and 8 rely on insufficient allegations of each defendant's personal involvement in a constitutional deprivation. Rule 8 of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Although Rule 8 does not

require "detailed factual allegations," it does call for sufficient factual allegations that, accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 556. This principle does not apply when a plaintiff offers nothing more than threadbare recitals of the elements of a cause of action supported only by conclusory statements. In Count 1, Plaintiff asserts, in conclusory fashion only, that Defendants Wood, Smolek, and Butler are liable for all events that transpired after Plaintiff warned them that they would be liable on February 3, 2016. In Count 8, he alleges that Defendants Orange Crush Officers, Mailroom Staff, Internal Affairs, Spiller, Pierce, Wood Smolek, and Butler are liable for conspiring to retaliate against him for exercising his constitutional rights. In support of both claims, Plaintiff offers nothing more. The Amended Complaint therefore articulates no claim for relief in Counts 1 and 8 against Defendants. Both of these claims shall be dismissed without prejudice.

       Counts 6 and 7 also fail to state any claim for relief. Plaintiff names no defendants in connection with either claim. He has therefore failed to establish that any defendants were personally responsible for the deprivation of his Eighth Amendment rights. He also offers no factual allegations in support of Count 7, relying instead on a single allegation that his undisclosed medical needs have not been addressed since April 2016. Both claims are undeveloped and shall be dismissed without prejudice from this action.

Finally, Count 3 shall also be dismissed for failure to state any claim for relief. Plaintiff alleges that Defendants Woods, Pierce, Rowold, and Butler all failed to respond to his grievances in 2016-17. This does not give rise to a Fourteenth Amendment due process claim. Prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause per se. As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d at 609; *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Count 3 shall therefore be dismissed with prejudice against Defendants Wood, Pierce, Rowold, and Butler.

### Severance of Counts 4 and 5

What remains in this action are three distinct sets of claims against different defendants: (1) **Count 2** against Orange Crush Officers and Spiller for using excessive force against Plaintiff on April 1, 2016; (2) **Count 4** against the Mailroom Staff and Internal Affairs for regularly interfering with Plaintiff's personal and legal mail in 2016-17; and (3) **Count 5** against the Orange Crush Officers who conducted a shakedown of Plaintiff's cell and confiscated his personal and legal property on August 3, 2017. These three sets of claims cannot proceed together in the same action.

In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits, "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *George*, 507 F.3d at 607 (citing 28 U.S.C. § 1915(b)(g)); *Wheeler v. Talbot*, -- F. App'x --, 2017 WL 2417889 at *1 (7th Cir. June 5, 2017) (failing to sever mis-joined claims prejudices the United States Treasury); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017). Claims against different defendants, which do not arise from a single transaction or occurrence (or a series of related transactions/occurrences), and do not share a common question of law or fact, may not be joined in the same lawsuit. *See* FED. R. CIV. P. 20(a)(2); *Owens*, 860 at 436. A prisoner, like Plaintiff, who files a "buckshot complaint" that includes multiple unrelated claims against different individuals should not be allowed to avoid "risking multiple strikes for what should have been several different lawsuits." *Turley v. Gaetz*, 625 F.3d 1005, 1011 (7th Cir. 2010). The Court has broad discretion as to whether to sever claims pursuant to Federal Rule of Civil Procedure 21 or to dismiss improperly joined defendants. *See Owens v. Hinsely*, 635 F.3d at 952; *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000).

Plaintiff's three groups of claims involve unique defendants, and none of the claims share a common nucleus of operative facts. For these reasons, the Court shall sever Plaintiff's remaining claims into two additional cases and assess another filing fee in each newly severed case.

Consistent with *George* and Rule 21, the Court shall sever Count 4 into a new action against Menard's Mailroom Staff and Internal Affairs for regularly interfering with Plaintiff's mail in 2016-17. Additionally, the Court shall sever Count 5 into a separate action against the Orange Crush Officers who conducted a shakedown of Plaintiff's cell on August 3, 2017. Each newly severed case shall be assigned a new case number and assessed a filing fee. The Court will separately issue a merits review order in each newly severed case, and Plaintiff will be provided with a copy of the same once the screening order is entered.

Count 2 against the Orange Crush Officers and Spiller shall remain in this action. A separate order shall be issued in this case to review the merits of both claims. Plaintiff shall be provided with a copy of the merits review order as soon as it is entered. No service will be ordered on any defendant at this time.

### Pending Motions

Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 2) and Motion to Appoint Counsel (Doc. 3) shall be addressed in a separate court order.

Plaintiff's Motion for Court Order (Doc. 5) is **DENIED** as **MOOT** in this case. The motion shall be decided in the newly-severed case addressing Count 5.

Plaintiff's Motion to Address this Honorable Court (Doc. 7) is also **DENIED** as **MOOT**. This motion addresses Menard's alleged failure to transmit a complete copy of the original Complaint to the Court for filing. However, the original Complaint is void; it is superseded by the Amended Complaint.

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff's original Complaint (Doc. 1) is **VOID**. It is **SUPERSEDED** and **REPLACED** by the Amended Complaint (Doc. 6).

**IT IS ORDERED** that **COUNT 1** is **DISMISSED** without prejudice against Defendants **WOOD, SMOLEK,** and **BUTLER; COUNT 3** is **DISMISSED** with prejudice against Defendants **WOOD, PIERCE, ROWOLD,** and **BUTLER;** and **COUNTS 6, 7,** and **8** are **DISMISSED** without prejudice against all of the defendants. All of these claims are dismissed for failure to state a claim upon which relief may be granted.

**IT IS HEREBY ORDERED** that **COUNTS 4** and **5**, which are unrelated to **COUNT 2**, are severed into two new cases, as follows:

**SEVERED CASE 1: COUNT 4** is severed into a new case against Defendants **UNKNOWN PARTY (MENARD'S MAILROOM STAFF)** and **INTERNAL AFFAIRS** and shall be captioned: **MICKEY DEANGELO MASON, Plaintiff vs. MENARD MAILROOM STAFF** and **INTERNAL AFFAIRS, Defendants.**

**SEVERED CASE 2: COUNT 5** is severed into a new case against Defendants **ORANGE CRUSH OFFICERS** and shall be captioned: **MICKEY DEANGELO MASON, Plaintiff vs. ORANGE CRUSH OFFICERS, Defendants.**

The claims in each newly-severed case shall be subject to a merits review pursuant to 28 U.S.C. § 1915A, after the new case number and judge assignment is made. In each new case in this Court, the Clerk is **DIRECTED** to file the following documents:

1) This Memorandum and Order

2) Amended Complaint (Doc. 6)

3) Motion for Leave to Proceed *in forma pauperis* (Doc. 2)

4) Motion to Appoint Counsel (Doc. 3)

5) Motion for Court Order (Doc. 5) – **Severed Case 2 Only**

Plaintiff **will be responsible for an additional $400.00[4] filing fee** in each newly severed case. No service shall be ordered on the defendant in the severed case until the § 1915A review is completed. Each case is also subject to further severance, should the Court determine, as the case proceeds, that Plaintiff has improperly joined parties and/or claims in the newly severed case.

---

[4] Effective May 1, 2013, the filing fee for a civil case increased from $350.00 to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. See Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted leave to proceed *in forma pauperis*, however, is exempt from paying the new $50.00 fee.

IT IS ORDERED that Defendants **MRS. WOOD, LT. SMOLEK, KELLY PIERCE, ROBIN ROWOLD, KIMBERLY BUTLER (individual capacity only), UNKNOWN PARTY (MENARD'S MAILROOM STAFF)**, and **INTERNAL AFFAIRS** are **TERMINATED** as parties in *this* action.

IT IS FURTHER ORDERED that the <u>*only claims remaining in this action is COUNT 2 against Defendants SPILLER and ORANGE CRUSH OFFICERS*</u>. Warden Butler (official capacity only) shall also remain named in this action for purposes of carrying out any injunctive relief that is ordered herein. This case shall now be captioned: **MICKEY DEANGELO MASON, Plaintiff vs. WILLIAM SPILLER, ORANGE CRUSH OFFICERS, and KIMBERLY BUTLER (official capacity), Defendants.**

IT IS SO ORDERED.

Signed this 21st day of September, 2017.

Judge Herndon
2017.09.21
17:36:29 -05'00'

UNITED STATES DISTRICT JUDGE