IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MICKEY DEANGELO MASON,**
**#R04326,**

**Plaintiff,**

**v.**  Case No: 3:17-cv-00867-DRH

**WILLIAM A. SPILLER,**
**ORANGE CRUSH OFFICERS,**
**and KIMBERLY BUTLER,**

**Defendants.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff Mickey Mason, an inmate who is currently incarcerated at Menard Correctional Center ("Menard"), brings this action pursuant to 42 U.S.C. § 1983. On August 25, 2017, he filed an Amended Complaint (Doc. 6), which sets forth unrelated claims for constitutional deprivations against different groups of defendants. (Doc. 6). In its initial Order, the Court identified eight separate claims. (Doc. 9, p. 7). The Court immediately dismissed five claims (*i.e.*, Counts 1, 3, 6, 7, and 8) and severed two others (*i.e.*, Counts 4 and 5). (Doc. 9, pp. 7-15). Count 2 is the only remaining claim in this case. (Doc. 9, p. 15).

Count 2 is now subject to preliminary review under 28 U.S.C. § 1915A. It involves an Eighth Amendment deliberate indifference claim against C/O William Spiller and several unknown Orange Crush Officers who allegedly humiliated and assaulted Plaintiff at Menard on April 1, 2016. (Doc. 9, p. 15). Section 1915A provides, in pertinent part:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The claim survives screening and shall receive further review.

## Amended Complaint

In the Amended Complaint, Plaintiff alleges that he was repeatedly assaulted at Menard on April 1, 2016. (Doc. 6, p. 5). On that date, the Orange Crush Tactical Team ordered the inmates to walk in a "tight line." *Id*. Plaintiff

was forced to walk with his genitals pressed against the buttocks of another inmate, in a position referred to as "nuts to butts." *Id*.

When he attempted to distance himself from the inmate who was walking directly in front of him, an Orange Crush Officer allegedly assaulted Plaintiff. (Doc. 6, p. 5). Although he does not describe the assault in any detail, Plaintiff indicates that he was cuffed and posed no threat to the officer at the time. *Id*. Plaintiff also describes immediate bruising that developed as a result of the assault. *Id*.

As Plaintiff walked up the stairs, he was met by William Spiller. (Doc. 6, p. 6). Spiller was dressed in orange crush clothing and equipped with tactical gear. *Id*. Spiller began choking Plaintiff "until he turned red" in the face. *Id*. The officer then shoved Plaintiff's head down forcefully. *Id*. Plaintiff claims that the assaults caused injuries to his head and neck, including a laceration and bruising. (Doc. 6, pp. 5-6).

Although Plaintiff immediately sought medical attention for his injuries and continued to do so in the days that followed, he named no defendants in connection with a claim for his untreated injuries, and that claim is considered dismissed without prejudice from this action. (Doc. 6, pp. 5-6). This case focuses only on an Eighth Amendment deliberate indifference claim against Spiller and the Orange Crush Officers for humiliating Plaintiff and assaulting him on April 1, 2016. (Doc. 6, pp. 5-6; Doc. 9, p. 15).

**Discussion**

In its initial screening Order, this Court characterized Count 2 as an Eighth Amendment deliberate indifference claim against the Orange Crush Officers and Officer Spiller for using excessive force against Plaintiff on April 1, 2016. (Doc. 9, p. 7). Plaintiff's claim arises under the Eighth Amendment, which proscribes the cruel and unusual punishment of prisoners. U.S. CONST., amend. VIII. An Eighth Amendment claim may be brought against a prison official who punishes an inmate without penological justification. *Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). Such claims typically arise where a plaintiff is subjected to excessive force. *See, e.g., Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012) (Eighth Amendment claim typically arises in the context of "rough or otherwise improper handling that causes excessive pain or other harm."). The "core judicial inquiry" in such cases is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *See Davis v. Wessel*, 792 F.3d 793, 804 (7th Cir. 2015) (citing *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992)). Count 2 shall proceed against the Orange Crush Officer and Officer Spiller for their alleged use of excessive force against Plaintiff on April 1, 2016.

An Eighth Amendment claim may also arise for "[a]n unwanted touching of a person's private parts, intended to humiliate the victim or gratify the assailant's sexual desires . . . whether or not the force exerted by the assailant is significant." *Washington*, 695 F.3d at 643 (citing *Mays v. Springborn*, 575 F.3d 643, 650 (7th

Cir. 2009); *Calhoun v. DeTella*, 319 F.3d 936, 939-40 (7th Cir. 2003); *Farmer v. Perrill*, 288 F.3d 1254, 1260 (10th Cir. 2002); *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997); *Boddie v. Schneider*, 105 F.3d 857, 860-61 (2d Cir. 1997)). Some offenses may support an Eight Amendment claim, even when they involve no touching at all. *Washington*, 695 F.3d at 643. The allegations in the Amended Complaint support an Eighth Amendment deliberate indifference claim in Count 2 against the Orange Crush Officers who forced Plaintiff to walk "nuts to butts" with other inmates on April 1, 2016.

### Identification of Unknown Defendants

The fact that Plaintiff cannot identify the Orange Crush Officers who forced him to walk "nuts to butts" with other inmates or the officer who assaulted him is not fatal to his claim at this stage. Correctional officers may not escape liability, simply because of a plaintiff's inability to identify the particular officers who violated his constitutional rights. *Fillmore v. Page*, 358 F.3d 496 (7th Cir. 2004) (reversing dismissal of claims where the prisoner plaintiff had been unable to identify defendants and remanding for finding of facts). "[I]dentification of the responsible party may be impossible without pretrial discovery." *Billman v. Indiana Dep't of Corr.*, 56 F.3d 785, 789 (7th. Cir. 1995). Where a prisoner's complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v.*

*Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). Plaintiff shall be allowed to proceed with Count 2 against the unknown Orange Crush Officers, who humiliated and/or assaulted him on April 1, 2016. However, Plaintiff must identify the defendants with particularity before service of the Amended Complaint can be made on them.

Menard's warden is already named as a defendant in this action, in her official capacity. The Warden shall be responsible for responding to discovery aimed at identifying these unknown defendants. Guidelines for discovery will be set by the United States Magistrate Judge. Once the names of the Orange Crush Officers are discovered, Plaintiff shall file a motion to substitute each newly identified defendant in place of the generic designations in the case caption and throughout the Amended Complaint.

**Injunctive Relief**

Plaintiff seeks injunctive relief.[1] Typically, the Court names the warden as a defendant, in his or her official capacity only, for purposes of carrying out any injunctive relief that is ordered. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). In this case, Plaintiff already named Warden Kimberly Butler as a defendant in her official capacity. However, Jacqueline Lashbrook has replaced Kimberly Butler as the warden of Menard. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court shall substitute Warden Jacqueline Lashbrook

---

[1] To be clear, Plaintiff seeks no immediate relief in connection with Count 2. He has not invoked Rule 65(a) or (b), Fed. R. Civ. P., or mentioned any need for a temporary restraining order or preliminary injunction. If he believes that more immediate injunctive relief is necessary, Plaintiff should file a separate Rule 65 motion setting forth his request for relief and the reasons he seeks it.

(in her official capacity only) in place of Warden Kimberly Butler as a defendant. In addition to identifying the unknown Orange Crush Officers, Warden Lashbrook shall also be responsible for implementing any injunctive relief that is ordered in this action.

### Pending Motion

Plaintiff filed a Motion to Appoint Counsel (Doc. 3), which shall be **REFERRED** to a United States Magistrate Judge for a decision.

### Disposition

The Clerk is **DIRECTED** to **SUBSTITUTE** Defendant **JACQUELINE LASHBROOK (official capacity only)** in place of Defendant **KIMBERLY BUTLRE (official capacity only)** as a party in CM/ECF. Defendant Lashbrook shall be responsible for responding to discovery (informal or otherwise) aimed at identifying the unknown Orange Crush Officers involved in this matter and carrying out any injunctive relief that is ordered in this case.

**IT IS HEREBY ORDERED** that **COUNT 2** is subject to further review against Defendants **WILLIAM SPILLER** and the **ORANGE CRUSH OFFICERS (once identified)** who were involved in the incident alleged in the Amended Complaint. As to **COUNT 2**, the Clerk of Court shall prepare for the Defendants **WILLIAM SPILLER, ORANGE CRUSH OFFICERS (once identified),** and **WARDEN JACQUELINE LASHBROOK (official capacity only)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a

copy of the Amended Complaint (Doc. 6), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on Defendants **UNKNOWN ORANGE CRUSH OFFICERS** until such time as Plaintiff has identified them by name in a properly filed motion for substitution of parties. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the names and service addresses for these individuals.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate Judge** for further pre-trial proceedings, including a decision on the pending Motion to Appoint Counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to a **United States Magistrate Judge** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the

transmission of court documents and may result in dismissal of this action for want of prosecution.  See Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

Signed this 22nd day of September, 2017.

Digitally signed by Judge David R. Herndon
Date: 2017.09.22 17:05:31 -05'00'

**UNITED STATES DISTRICT COURT**