IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICKEY DEANGELO MASON,
#R04326,

Plaintiff,

     vs.

WILLIAM A. SPILLER,
ORANGE CRUSH, and
JACQUELINE LASHBROOK,

Defendants.                   Case No. 17-cv-867-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

This matter is now before the Court for review of a Motion for Reconsideration (doc. 16) and a Motion to Supplement Reconsideration (doc. 19) filed by Plaintiff Mickey Mason. In both motions, Plaintiff challenges the Court's decision to dismiss all but one claim on September 21, 2017 (doc. 9). For the reasons set forth herein, both motions (docs. 16, 19) are **DENIED**.

## Background

Plaintiff originally filed this action on August 15, 2017 (doc. 1). Before the Court screened the Complaint pursuant to 28 U.S.C. § 1915A, Plaintiff filed an Amended Complaint (doc. 6) on August 25, 2017. In it, he asserted various claims for deprivations of his constitutional rights against officials at Menard Correctional Center ("Menard"). The Court screened the Amended Complaint on September 21, 2017, and identified the following claims:

1

**Count 1 -** Claim against Defendants Wood, Smolek, and Butler, based on Plaintiff's warning that the defendants would be liable for anything that occurred in the odd-numbered galleries of Menard's East Cell House on February 3, 2016.

**Count 2 -** Eighth Amendment deliberate indifference claim against the Orange Crush Officers and Spiller for using excessive force against Plaintiff on April 1, 2016.

**Count 3 -** Fourteenth Amendment due process claim against Defendants Wood, Pierce, Rowold, and Butler for failing to respond to Plaintiff's grievances in 2016-17.

**Count 4 -** First and/or Fourteenth Amendment denial of access to courts claim against the Mailroom Staff and Internal Affairs for regularly interfering with Plaintiff's personal and legal mail in 2016-17.

**Count 5 -** First and/or Fourteenth Amendment denial of access to courts claim against the Orange Crush Officers who searched Plaintiff's cell and confiscated his personal property, including his legal mail, documents, and materials, on August 3, 2017.

**Count 6 -** Eighth Amendment deliberate indifference claim against unnamed defendants who transferred Plaintiff into a one-man cell with a cellmate on August 10, 2017.

**Count 7 -** Eighth Amendment deliberate indifference to medical needs claim against unnamed defendants who have denied Plaintiff access to medical treatment since April 1, 2016.

**Count 8 -** Claim against Defendants for conspiring to retaliate against Plaintiff for exercising his constitutional rights.

(Doc. 6; Doc. 9, p. 7). The Court dismissed Counts 1, 3, 6, 7, and 8 for failure to state a claim upon which relief may be granted (doc. 9, p. 13). The Court also determined that the remaining claims (Counts 2, 4, and 5) were improperly joined in the same action (doc. 9, pp. 10-12). Therefore, pursuant to Rules 18, 20, and 21 of the Federal Rules of Civil Procedure and *George v. Smith*, 507 F.3d 605

(7th Cir. 2007), the Court severed Counts 4 and 5 into two new cases (doc. 9, pp. 10-13). Count 2 remained in this action and survived preliminary review under § 1915A (doc. 9, p. 15; Doc. 10).

## Motions to Reconsider

Plaintiff filed two motions seeking reconsideration of the Court's Order (doc. 9) dated September 21, 2017 (docs. 16 and 19). In the Motion for Reconsideration, Plaintiff asserts that Counts 1, 3, 6, 7, and 8 were erroneously dismissed (doc. 16, pp. 1-5). He points to allegations set forth in his Complaint (doc. 1) that demonstrate his efforts to put the defendants on notice of numerous violations of his constitutional rights. *Id*. The defendants' failure to address these complaints allegedly shows that they "openly condoned" the constitutional deprivations (doc. 16, p. 3).

In the same motion (doc. 16), Plaintiff also challenges the Court's decision to sever Counts 4 and 5 into two new cases (doc. 16, pp. 6-11). His argument is not altogether clear. However, Plaintiff suggests that his claim for a conspiracy to retaliate in Count 8 provides a basis for joining all of the claims together into a single suit. *Id*. The claims arose after Plaintiff filed a complaint against William Spiller on April 4, 2016 (doc. 16, p. 10). Although the complaint was never investigated, the subsequent events allegedly establish the existence of a conspiracy to retaliate against him. *Id*.

In his Supplement (doc. 19), Plaintiff seeks the reinstatement of the Fourteenth Amendment due process claim in Count 3 against Defendants Wood,

Rowold, Pierce, and Butler (doc. 19, pp. 1-6). This claim for mishandling Plaintiff's grievances was dismissed with prejudice at screening (doc. 19, p. 2). However, Plaintiff argues that it should have survived preliminary review because the defendants' failure to respond to his grievances demonstrated that they approved, condoned, or turned a blind eye to the violations of his constitutional rights (doc. 19, pp. 1-6).

## Discussion

When looking to the substance of Plaintiff's Motion for Reconsideration and Supplement, it is clear that he seeks relief from the Order (doc. 9) signed on September 21, 2017. *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (*pro se* filings should be construed liberally). Although Document 9 is a non-final order, the district court has jurisdiction to revisit its decision at any time before the final judgment is entered. *Terry v. Spencer*, -- F.3d --, 2018 WL 1978927 (7th Cir. April 27, 2018) (citing *Mintz v. Caterpillar Inc.*, 788 F.3d 673, 679 (7th Cir. 2015); *Galvan v. Norberg*, 678 F.3d 581, 587 (7th Cir. 2012)). For the reasons set forth herein, the Court finds that Counts 1, 3, 6, 7, and 8 were properly dismissed and Counts 4 and 5 were properly severed.

Plaintiff's reliance on allegations in the Complaint in support of his motions is misplaced. This Court did not screen the Complaint (doc. 1). Just ten days after he filed it, Plaintiff filed an Amended Complaint (doc. 6). The Amended Complaint superseded and replaced the original Complaint, rendering the original void (doc. 9, pp. 1-2) (citing *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d

632, 638 n. 1 (7th Cir. 2004)). The Court's Order (doc. 9) resulted from its review of the Amended Complaint.

The Court has considered those arguments that pertain to allegations also set forth in the Amended Complaint and finds them unpersuasive. Plaintiff primarily points to allegations that demonstrate his efforts to put the defendants on notice of the constitutional violations (doc. 16, p. 2; Doc. 6, p. 11). Although a grievance officer's decision to ignore an inmate's complaints may support a constitutional claim, *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015), the claims in this case were dismissed for other reasons.

Count 1 stated no claim for relief because it was contingent upon future events that had not yet occurred. Plaintiff allegedly put the defendants on notice that they would be liable for future violations of his constitutional rights that occurred in Menard's East Cell House. A § 1983 claim arises after a constitutional deprivation occurs, not before.

Count 3 was dismissed because it has long been held that no independent due process claim arises from the mishandling of grievances. Grievance procedures are not constitutionally mandated and do no implicate the Due Process Clause per se. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Although Plaintiff correctly points out that a defendant cannot avoid liability under § 1983 by ignoring an inmate's grievances or

complaints, the First Amended Complaint supports no independent claim under the Fourteenth Amendment Due Process Clause on this ground.

Counts 6 and 7 were dismissed because Plaintiff failed to identify a defendant in connection with either of these claims. The Court was thus unable to evaluate whether a defendant was personally responsible for the deprivation of his Eighth Amendment rights. The reason that plaintiffs are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. A plaintiff cannot state a claim against a defendant simply by listing the defendant's name in the case caption. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). These claims were dismissed without prejudice, and Plaintiff is not foreclosed from reasserting them in this, or another, action.

Finally, Count 8 was dismissed because it was based entirely upon conclusory statements that Plaintiff's conspired to violate his rights by retaliating against him. Plaintiff now argues that the timing of the claims—which all arose after he filed a complaint against Spiller—establishes the existence of a conspiracy to retaliate against him. But timing, alone, falls short of establishing a claim for conspiracy or retaliation. Absent any other allegations in support of this claim, the Court finds that it was properly dismissed without prejudice, leaving Plaintiff free to re-plead the claim.

Finally, the Court finds that severance of Counts 4 and 5 into separate suits was a proper exercise of discretion. The only claim remaining in this action was

Count 2, an excessive force claim against Spiller and the Orange Crush Officers for an incident that occurred on April 1, 2016. Count 4 involved an access to courts claim against mailroom staff and internal affairs officers who routinely interfered with Plaintiff's legal mail in 2016-17. Count 5 involved a claim against the Orange Crush Tactical Team for confiscating Plaintiff's personal property during a shakedown of his cell on August 3, 2017. The Court found that these claims against different defendants were unrelated to one another.

Under Rule 20(a)(2) of the Federal Rules of Civil Procedure, multiple defendants may be joined in one action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2)(A)-(B). Rule 18 of the Federal Rules of Civil Procedure allows a party asserting a claim to join, as independent or alternative claims, as many claims as it has against an opposing party. FED. R. CIV. P. 18. Rule 21 of the Federal Rules of Civil Procedure authorizes the Court "at any time, on just terms" to add or drop a party and/or sever any claim against a party. FED. R. CIV. P. 21. These rules give district courts "considerable flexibility" in managing civil litigation. *UWM Student Ass'n v. Lovell*, -- F.3d --, 2018 WL 1940531, *7 (7th Cir. April 25, 2018). The Court determined that the claims arose from separate transactions or occurrences and involved different defendants. As such, they were improperly joined in the same suit. Once a district court finds misjoinder,

the remedy is "severance or dismissal without prejudice."  *Lovell*, 2018 WL 1940531 at *7.  The Court's decision to sever these claims represents a proper exercise of discretion.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons set forth above, Plaintiff's Motion for Reconsideration (doc. 16) and Supplement (doc. 19) are **DENIED**.

**IT IS SO ORDERED.**

Judge Herndon
2018.05.04
14:20:05 -05'00'

**United States District Judge**