## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICKEY DEANGELO MASON,     )
                                     )
        Plaintiff,          )
                                     )
        v.               )      Case No. 17-cv-867-DRH-RJD
                                     )
WILLIAM SPILLER, et al.,         )
                                     )
        Defendants.     )
                                     )

## ORDER

**DALY, Magistrate Judge:**

    Before the Court is Plaintiff's Motion to Amend Complaint (Doc. 70).   On August 15, 2017, Plaintiff Mickey Mason, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. §1983 alleging his constitutional rights were violated while he was incarcerated at Menard Correctional Center ("Menard").   Following threshold screening, Plaintiff is proceeding in this case on the following claim:

> **Count 2:**    Eighth Amendment deliberate indifference claim against the Orange Crush Officers and Defendant Spiller for using excessive force against Plaintiff on April 1, 2016.

    On August 3, 2018, the Court assigned Attorney Brenda Baum to represent Plaintiff in this matter.   Counsel was directed to file any motion to amend the complaint within 45 days of an entry of appearance.

    Plaintiff, through counsel, seeks to amend the First Amended Complaint by modifying the Eighth Amendment claim and adding a claim for violation of the Prison Rape Elimination Act of 2003.   Plaintiff's proposed new counts are set forth as follows:

| Count I: | (against Defendants Orange Crush officers and William A. Spiller) Deliberate Indifference, Assault, Battery, Excessive Use of Force, and Failure to Intervene (42 U.S.C. § 1983 and the Eighth Amendment) |
| Count II: | (against all Defendants) 34 U.S.C.A. § 30301 – Prison Rape Elimination Act |

Plaintiff's motion is **DENIED WITHOUT PREJUDICE**. It is unclear to the court, exactly which claims (Deliberate Indifference, Assault, Battery, Excessive Use of Force, and Failure to Intervene) are asserted against which Defendants in Count I. Further, it is unclear whether the stated "assault" and "battery" claims listed in Count I are state law claims or claims asserted based on the Eighth Amendment Excessive Use of Force claim.

Turning to Count II, the Prison Rape Elimination Act (PREA) does not create a private cause of action. Absent an explicit authorization of a private right of action in the language of the statute, a court may imply a private right only if there is clear indication in the text and structure of the statute that Congress intended to create a new individual right. *Gonzaga Univ. v. Doe*, 536, U.S. 273, 286 (2002).

While the PREA was intended in part to "increase the accountability of prison officials" and to "protect the Eighth Amendment rights of Federal, State, and local prisoners" (42 U.S.C. §15602), nothing in the language of the statute establishes a private right of action. In fact, the section of the statute addressing prevention and prosecution is directed toward the National Institute of Corrections which is appropriated funds for establishing an informational clearinghouse, conducting training and compiling annual reports for Congress regarding the activities of the Department of Justice regarding prison rape abatement. 42 U.S.C.A. § 15604. Further, no court that has considered the issue has found that a private right of action exists under the statute. *Amaker v. Fischer*, 2014 WL 4772202, at *14 (W.D.N.Y. Sept. 24, 2014). *See Also*

*Krieg v. Steele*, 599 F. App'x 231, 232 (5th Cir.2015) (citing cases); *Collen v. Yamaoka*, No. CIV. 14-00577 SOM, 2015 WL 793085, at *3 (D. Haw. Feb. 25, 2015) (citing cases); *Porter v. Jennings*, 2012 WL 1434986, at *1 (E.D.Cal. Apr. 25, 2012) (citing cases). PREA does not create a private cause of action and allowing Plaintiff to amend the Complaint to add such a claim would be futile.

Accordingly, Plaintiff's Motion to Amend is **DENIED WITHOUT PREJUDICE**. Plaintiff is directed to file a Motion for Leave to Amend and new proposed amended complaint by November 29, 2018.

**IT IS SO ORDERED.**

**DATED:  November 9, 2018**

s/ *Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**