IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MICKEY DEANGELO MASON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-cv-867-NJR-RJD |
| | ) | |
| WILLIAM SPILLER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

Before the Court is Plaintiff's Motion for Leave to File Third Amended Complaint (Doc. 93). On August 15, 2017, Plaintiff Mickey Mason, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. §1983 alleging his constitutional rights were violated while he was incarcerated at Menard Correctional Center ("Menard"). Plaintiff, through counsel, previously filed an Amended Complaint setting forth the following claims:

**Count 1:** Eighth Amendment – Excessive Force against Orange Crush Officers and Defendant Spiller

**Count 2:** Eighth Amendment – Failure to Intervene against Orange Crush Officers

**Count 3:** Eighth Amendment – Deliberate Indifference against Orange Crush Officers and Defendant Spiller

Plaintiff's proposed Third Amended Complaint adds 28 new Defendants. Plaintiff seeks leave to name the 28 Defendants as the "Orange Crush Officers" previously identified by a generic designation. Plaintiff identified the newly named Defendants from responses to Requests for Production which identified the name(s) of the "Orange Crush" officers working at Menard

Correctional Center on April 1, 2016 at the East Wing, Gallery 7. The Court is unable to discern whether the discovery responses actually identified all 28 newly named Defendants as "Orange Crush" officers working at Menard in the East Wing, Gallery 7 on April 1, 2016. Plaintiff's proposed complaint alleges each and every one of the 28 newly identified Defendants inflicted violence upon Plaintiff that was excessive and unnecessary and that the infliction of the violence was willful, intentional, malicious, and/or done with a reckless indifference and callous disregard for his rights. The proposed complaint also alleges each of the 28 new Defendants failed to intervene and acted with deliberate indifference.

Plaintiff's proposed complaint names the newly identified officers, but fails to make specific factual allegations against the newly named Defendants. Plaintiff states a number of allegations in the "Background" section that "Orange Crush" ordered a strip search and an Orange Crush tactical officer forcibly pushed him and grabbed him by the back of the neck and choked him, however, Plaintiff fails to identify which of the newly named Defendants engaged in these actions against him.

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend should be freely given "when justice so requires." The Seventh Circuit recognizes that "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989); *see also Winger v. Winger*, 82 F.3d 140, 144 (7th Cir. 1996). "Reasons for finding that leave should not be granted include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Airborne Beepers*

*& Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007).

In conclusory fashion, Plaintiff asserts his excessive force, failure to intervene, and deliberate indifference claims against all 28 newly identified Defendants. Plaintiff, however, fails to set forth factual allegations of the newly named Defendants' personal involvement in the alleged excessive force, failure to intervene, or deliberate indifference claims. The Court finds futility of amendment and declines leave to amend the complaint. The parties have been granted an extension of the discovery deadline. Plaintiff is advised to use the discovery process to specifically identify the "Orange Crush" officers personally involved in the strip search, alleged use of force, and escort of Plaintiff. Plaintiff's Motion for Leave to File Third Amended Complaint (Doc. 93) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: June 20, 2019**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**